NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES TARANTINO, SR., *Appellant.*

No. 1 CA-CR 14-0785
FILED 11-3-2015

---

Appeal from the Superior Court in Mohave County
No.  S8015CR201301197
The Honorable Derek Carlisle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Deputy Legal Advocate Attorney, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1          James Tarantino, Sr. (defendant) appeals from his conviction and sentence for felony criminal littering.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          One evening in September 2013, J.C. was out for a walk in Kingman when he observed defendant driving a truck "heaped full" of trash including construction debris and tree branches.  The truck ran several stop signs.  Suspecting that defendant was heading for an area known to be used for illegal dumping, J.C. and his father jumped in their truck and headed to the dump site.  When they arrived, defendant had almost completely unloaded the truck.  J.C. observed defendant throwing a large piece of debris that "was white and had some wood on it" onto a heap of trash and load a wheelbarrow onto the truck.  The bed of the truck was empty except for the wheelbarrow.  J.C. called the police and waited with his father for them to arrive.  While J.C. and his father were waiting, defendant's truck broke down about thirty yards away.  Defendant asked J.C. and his father for a jump start and they refused.  Eventually defendant was able to start his truck and leave; J.C. and his father followed him to a convenience store.  They waited across the street until the police arrived.

¶3          The state charged defendant with one count of criminal littering of more than three hundred pounds of litter, a class 6 felony.  A jury trial was held. At the close of the state's case, defendant unsuccessfully moved for a judgment of acquittal.  The jury convicted defendant as charged. The trial court suspended the imposition of sentencing and placed defendant on probation for three years, with fifteen days in jail.  Defendant timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A) (2010).

**DISCUSSSION**

¶4      Defendant raises two issues on appeal: 1) whether there was insufficient evidence to support the verdict, and 2) whether the jury instructions and verdict form failed to instruct the jury that it had to find the element of the weight of the litter beyond a reasonable doubt.

## A. Defendant's Motion for Judgment of Acquittal

¶5      We review the trial court's denial of a motion for judgment of acquittal de novo. *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993). We view the facts in the light most favorable to sustaining the verdict. *State v. Atwood*, 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992). We do not reweigh the evidence, and will affirm if substantial evidence supports the verdict. *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993).

¶6      Sufficient evidence supports the jury's verdict that defendant committed felony criminal littering of an amount in excess of three hundred pounds in weight. J.C. observed the trash in defendant's truck before he dumped it. Defendant's truck had plywood extending from the sides of the truck's bed to allow it to carry more, and the bed was piled high with trash, including construction debris and tree branches. J.C. who had "remodeled many homes" estimated that the trash dumped by defendant weighed "[f]ive hundred pounds, upwards."

¶7      Kingman police officer Jesse Kennedy observed the piles of trash that J.C. pointed out to police. He testified that one pile appeared to contain construction materials, including multiple pieces of plywood and insulation. There was a separate pile of tree branches. Officer Kennedy attempted to pick up one piece of plywood and estimated that just that one piece of wood weighed approximately one hundred pounds. Officer Kennedy, who had previously worked in construction, estimated that the debris weighed between four and five hundred pounds.

¶8      "Lay witnesses may give opinion testimony, even as to the ultimate issue, when it is 'rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" *State v. Doerr*, 193 Ariz. 56, 63, ¶ 20, 969 P.2d 1168, 1175 (1998) (quoting Ariz. R. Evid. 701)); *see also* Morris K. Udall et al., *Arizona Practice Law of Evidence* § 21 (3rd ed. 1991) (explaining that lay witness opinion is competent on subjects including "weights, measures, time, and distance"). Here, a reasonable juror could conclude, based on the testimony of Officer Kennedy and J.C., that the trash dumped by defendant weighed more than three hundred pounds. Accordingly, we find no error

in the trial court's denial of defendant's motion for judgment of acquittal or in the jury's verdict.

### B. Final Jury Instructions and Verdict Form

**¶9**     Defendant next argues that the final jury instructions and verdict form failed to properly instruct the jury that it had to find the element of the weight of the litter beyond a reasonable doubt.  At trial, defendant argued that the final jury instruction for criminal littering omitted the requisite weight amount.  "We review for an abuse of discretion whether the trial court erred in giving or refusing to give requested jury instructions," but review de novo whether the jurors were properly instructed.  *State v. Dann*, 220 Ariz. 351, 363-64, ¶ 51, 207 P.3d 604, 616-17 (2009) (citations and internal quotes omitted).   We will consider the jury instructions as a whole "to determine whether the jury received the information necessary to arrive at a legally correct decision."  *Id.*

**¶10**     Although not addressed in the final closing jury instructions, the trial court verbally instructed the jurors that if they found defendant guilty of criminal littering they would need to find, beyond a reasonable doubt, whether the trash weighed more than three hundred pounds:

> THE COURT:  The first verdict form says:  [We, the jury, . . . do find] [t]he defendant guilty of the crime of criminal littering.   This is the verdict form the presiding juror would sign if all eight of you agreed that the State had proved beyond a reasonable doubt the defendant committed the crime of criminal littering.
>
> If you make that decision, then you have to make . . . another decision.  And that says: We further find (check only one) the litter weighed more than 300 pounds, the litter weighed more than 100 pounds but less than 300 pounds, the litter weighed 100 pounds or less.
>
> *So if you decide that the State had proved beyond a reasonable doubt the defendant committed the crime of criminal littering, then you also have to decide whether the State has proved beyond a reasonable doubt that the litter weighed more than 300 pounds,* that it weighed more than 100 pounds but less than 300 pounds or that it weighed 100 pounds

> or less, and you would check the appropriate
> line with respect to that verdict form.
> (Emphasis added).

The verdict form ultimately used by the jurors stated that the jury found that 1) defendant was guilty of criminal littering and 2) that the litter weighed more than three hundred pounds. Further, the final written jury instructions correctly instructed the jurors on the meaning of reasonable doubt. Because the trial court instructed the jury that it had to find the weight of the litter beyond a reasonable doubt, and the jurors had all of the information they needed to arrive at a legally correct decision, we find no error.

## CONCLUSION

**¶11**        For the foregoing reasons, we affirm defendant's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama